UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BURNS,

|  |  |  |
|---|---|---|
|  | Plaintiff, | Civil Action No. 17-11748 |
|  |  | Honorable Terrence G. Berg |
| v. |  | Magistrate Judge David R. Grand |

OCWEN LOAN
SERVICING, L.L.C., *et al.*,

Defendants.

_____/

## REPORT AND RECOMMENDATION TO:  (1) GRANT DEFENDANTS OCWEN AND HOMEWARD'S MOTION TO DISMISS [10]; AND (2) GRANT DEFENDANTS BOLTON AND BREUCH'S MOTION TO DISMISS BURNS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a) [12]

On June 2, 2017, *pro se* Plaintiff Timothy Burns ("Burns") initiated a lawsuit against ten defendants:   Ocwen Loan Servicing, L.L.C. ("Ocwen"); Homeward Residential, Inc. ("Homeward")[1]; Ameriquest Mortgage ("Ameriquest"); AMC Mortgage Service, Inc. ("AMC"); Norwest Mortgage/Wells Fargo; Jordan S. Bolton ("Bolton"); David A. Breuch ("Breuch")[2]; Michelle K. Clark ("Clark")[3]; ACC Capital Holding Corporation ("ACC"); and Citigroup Inc.

---

[1]  Homeward points out that Burns incorrectly called it "Homewood Home Residential Mortgage" in the complaint.  (Doc. #10 at 1).

[2]  Breuch clarifies that Burns incorrectly identified him as "David Brach."  (Doc. #12 at 6 n.1).

[3]  Trott Law, P.C. – through attorney Robert J. Kinggo III – has filed an appearance on behalf of Clark.  (Doc. #6).  Clark, however, has not filed an answer or otherwise responded to the complaint.

("Citigroup").[4]  (Doc. #1).  Presently before the Court is a Motion to Dismiss filed by Ocwen and Homeward on June 23, 2017.  (Doc. #10).  Also before the Court is Bolton and Breuch's Motion to Dismiss Burns' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a), which was filed on June 29, 2017.  (Doc. #12).  These motions have been fully briefed, in the sense that Burns has filed documents in response to them, to which the defendants who filed the motions have responded.  Specifically, Burns has filed three documents, which are labeled "order" and/or "motion":  (1) Order to Dismiss Defendant's Motion to Dismiss and Counter Motion for Sanctions (Doc. #14); (2) Motion to Set Aside Defendant's Request and Impose Sanctions (Doc. #16); and (3) Motion to Support Complaint and Lawsuit.[5]  (Doc. #24).  Defendants Ocwen and Homeward have filed two responses and one reply (Docs. #20, #21, #26); Bolton and Breuch have filed two responses. (Docs. #19, #25).

An Order of Reference was entered on June 26, 2017, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1).  (Doc. #11).  Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the

---

[4] As of the date of this Report and Recommendation, half of the defendants named in the complaint have not been served, namely, Ameriquest; AMC; Norwest Mortgage/Wells Fargo; ACC; and Citigroup.

[5] Although Burns labeled his filings as an "order" and/or a "motion," these documents were clearly intended to address the arguments raised by the defendants in the two motions to dismiss referenced above.  Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Accordingly, the Court will liberally read Burns' filings (Docs. #14, #16, #24) as responsive pleadings in its consideration of the defendants' dispositive motions.  From what the Court can tell (and, in part, based on who Burns names as a "defendant" in the caption of each filing), Burns' first filing (Doc. #14) relates to Ocwen and Homeward's motion, and his last two filings (Docs. #16, #24) relate to Bolton and Breuch's motion.  To the extent Burns seeks affirmative relief in his filings, for the reasons stated below, those requests will be denied in a separate Order.  (Doc. #28).

parties' briefs and on the record, and it declines to order a hearing at this time.

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Ocwen and Homeward's Motion to Dismiss **(Doc. #10)** be **GRANTED**, and that Bolton and Breuch's Motion to Dismiss Burns' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) **(Doc. #12)** be **GRANTED**.

## II.   REPORT

### A.    Background

#### Burns' Complaint

The instant action centers around a mortgage Burns says he took out about 30 years ago on property located at 22711 Wexford Drive, Southfield, MI 48033 (the "Property").  (Doc. #1 at 1).   Burns filed the complaint pursuant to Title 18 of the United States Code Annotated ("U.S.C.A."), specifically, Chapter 47, which is called "Fraud and False Statements."   (*Id.*).   Burns references two sections within Chapter 47:  18 U.S.C. §§ 1011 (called "Federal Land Bank Mortgage Transactions") and 1021 (called "Title Records").   (*Id.*).   Burns also references Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C. § 2000e *et seq.*  (*Id.*).

The complaint lays out minimal facts, and the few facts that are presented in a little over six lines are vague and hard to follow.  Regarding the mortgage on the Property, Burns alleges that he "never received a loan from any of the jointly and severally [sic] to purchase property." (*Id.*).  He alleges that despite this, "the record of the mortgage shows [that] in the year 2014[,] Ocwen Loan Servicing records charged [Burns] with false statements."  (*Id.*).  Burns next alleges that "[r]efinancing was executed as an affordable modification agreement action without [his] knowledge []."   (*Id.* at 1-2).  He asserts that "[t]he defendants all played a part in this false statement conspiracy for ten years or longer."  (*Id.* at 2).

3

Burns now seeks a judgment of $2,000,000.00 against each defendant, plus $25,000.00 "against the attorneys that prepared this corrupt document for [his] years of mental anguish." (*Id.*).

### Ocwen and Homeward's Motion to Dismiss

In their motion to dismiss, Ocwen and Homeward provide some helpful factual background as to the events surrounding this case.  They explain that on April 23, 2003, Burns received a $165,000.00 loan from Ameriquest, which was evidenced by a note and secured by a mortgage to Ameriquest on the Property (the "Mortgage").  (Doc. #10 at 9-10).  The Mortgage was apparently recorded on May 10, 2004 in Wayne County Records and was assigned to Deutsche Bank National Trust Company.  (*Id.* at 10).  Homeward previously serviced the Mortgage, and Ocwen currently services it.  (*Id.*).

According to Ocwen and Homeward, on November 20, 2008, Burns sued Ameriquest, AMC, ACC, and Citigroup, among others, in Oakland County Circuit Court for breach of contract, emotional distress, and violation of the Michigan Consumer Protection Act.  (*Id.*). Referencing the complaint from that lawsuit, which is attached to their instant motion, Ocwen and Homeward state that Burns had alleged that Ameriquest and others "were improperly servicing the Mortgage," that "payments were misapplied," and that "Ameriquest was threatening foreclosure." (*Id.*) (citing Doc. #10-4).  On September 30, 2009, Circuit Court Judge Rae Lee Chabot granted the defendants' motion for summary disposition and for sanctions.  (*Id.*) (citing Doc. #10-5).  Burns' claims were dismissed with prejudice, and Burns was ordered to pay the defendants $650.00.  (*Id.*) (citing Doc. #10-5).

Ocwen and Homeward now seek dismissal of Burns' complaint under Fed. R. Civ. P. 12(b)(6).  They argue that dismissal is warranted because (1) Burns' complaint lacks sufficient

factual detail to state a plausible claim for relief and contains no identifiable causes of action, and, as a result, it does not meet the pleading requirements of Fed. R. Civ. P. 8(a); (2) Burns fails to plead fraud with the particularity required by Fed. R. Civ. P. 9(b); and (3) Burns' claims are barred by *res judicata*. (*Id.* at 12-17).

### **Bolton and Breuch's Motion to Dismiss and/or for Summary Judgment**

The dispositive motion filed by Bolton and Breuch also sheds light on the instant action's factual background. Bolton and Breuch state that this is Burns' seventh lawsuit "regarding alleged discrepancies in a mortgage loan that [Burns] obtained from Ameriquest [] and AMC []" in 2001. (Doc. #12 at 6). Bolton and Burns explain that they are attorneys who previously represented Ameriquest and AMC in Burns' previous six lawsuits and that "[t]his is the first action in which [Burns] has named [them] as defendants." (*Id.*).

Bolton and Breuch now move to dismiss Burn's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.* at 2). They argue that Burns makes unsupported allegations that they participated in a "false statement conspiracy" and prepared a "corrupt document" that caused Burns "years of mental anguish."[6] (*Id.* at 8). They ask that, in the alternative, summary judgment be granted in their favor under Fed. R. Civ. P. 56(a) because a "Settlement and Release Agreement" signed by Burns on January 19, 2007 (as part of the resolution of the third lawsuit) released the claims Burns again seeks to pursue in this

---

[6] Bolton and Breuch state that their only contact with Burns was through representing Ameriquest and AMC in the prior six lawsuits and argue that they "did nothing more than represent their [c]lients in [those] previous matters." (Doc. #12 at 8). They assert that they have had no contact with Burns since the sixth lawsuit, when Ameriquest and AMC's motion for summary disposition was granted in 2009. (*Id.*).

action.[7]  (*Id.* at 2).

### B.     Standard of Review

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint[8] as true.  *Id.*; *see also Erickson v. Pardus*, 551

---

[7] Because the Court finds that Burns failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6), it need not rule on Bolton and Breuch's alternate Fed. R. Civ. P. 56(a) argument.

[8] A reviewing court's consideration of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is ordinarily confined to the pleadings.  *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).  Thus, assessment of the complaint's facial sufficiency ordinarily must be undertaken without resort to matters outside the pleadings.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).  However, the Court may also consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to

U.S. 89, 94 (2007).  That tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).  Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed."  *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C.    Analysis**

**<u>Ocwen and Homeward</u>**

*1.    Fed. R. Civ. P. 8 Dismissal*

As a preliminary matter, Burns' barebones complaint contains only the following vague and conclusory substantive allegations:

On or about 30 years ago Plaintiff took a mortgage out on [the Property].

---

defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

> The plaintiff never received a loan from any of the jointly and severally to purchase property.  However, the record of the mortgage shows [that] in the year 2014[,] Ocwen Loan Servicing records charged [Burns] with false statements.   Refinancing was executed as an affordable modification agreement action without the knowledge of the plaintiff.  The defendants[9] all played a part in this false statement conspiracy for ten years or longer.
>
> The plaintiff is asking this Honorable Court to enter a judgment of 2 Million dollars against each defendant plus $25,000.00 against the attorneys that prepared this corrupt document for my years of mental anguish.

(Doc. #1 at 1-2).

To the extent that these allegations can be construed as raising a cause or causes of action, they should be dismissed under Fed. R. Civ. P. 8(a)(2) because they do not include a "short and plain statement" of those claims.  Without any additional information, the Court cannot evaluate how these allegations are connected to the Mortgage and the named defendants.  Burns failed to identify any "false statement" that was allegedly made by Ocwen in 2014.  In addition, there is no way to know what the "false statement conspiracy" entailed and what role each defendant played in the alleged conspiracy.  *Gregory v. CitiMortgage, Inc.*, 890 F. Supp. 2d 791, 801-02 (E.D. Mich. 2012) ("Where there are multiple defendants, a [fraudulent misrepresentation] claim must identify which of the defendants made the alleged misrepresentations.") (citing *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992)).  It is similarly impossible to understand what the "corrupt document" prepared by "the attorneys" is – and who the attorneys who prepared it are.  It is also unclear how Burns believes the alleged "false statements," "conspiracy," and "corrupt documents" damaged him; he merely states that he suffered "years of mental anguish."  But these four words are factually insufficient to show that the defendants are liable and that he is entitled to relief.  Burns has

---

[9] Burns refers to "[t]he defendants" without specifying which one of the defendants he is actually referring to.

clearly not satisfied his obligation to provide the defendants with a "clear and plain statement" of his claims pursuant to Rule 8(a)(2).  *Agee v. Wells Fargo Bank*, No. 10-10197, 2010 WL 1981047, at *2 (E.D. Mich. Apr. 15, 2010) ("As has been recognized by our circuit and others, despite liberal pleading requirements for *pro se* litigants, it is not the role of the court to guess the nature of the claim(s) asserted.").  Here, as in *Agee*, since "no more than guessing could take place" as to Burns' possible claims against Ocwen and Homeward, dismissal is appropriate.[10] *Id.*

### 2.   Fraud

For essentially the same reasons as stated above, even examining the allegations against the types of claims Burns arguably attempts to assert, his complaint would be subject to dismissal under Fed. R. Civ. P. 9 and 12(b)(6).  Burns' complaint cites to U.S.C.A. Title 18, Chapter 47, which is called "Fraud and False Statements."  (Doc. #1 at 1).  Burns also makes general allegations of "false statements" and a "false statement conspiracy."[11]  (*Id.* at 1-2). Assuming that Burns intended to assert a fraud claim, even if the Court considers his complaint in a light most favorable to him, Burns fails to properly state a fraud claim.

The elements of a fraud claim under Michigan law require a showing that:

1)  the defendant made a material representation;

2)  the representation was false;

3)  when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and

---

[10] The document Burns filed in response to Ocwen and Homeward's motion does not clarify Burns' claims against them and what particular defendant each claim is against.  (Doc. #14); *see infra* note 13.  Neither does Burns' "Motion to Support Complaint and Lawsuit."  (Doc. #24); *see infra* note 14.

[11] Burns mentions a "corrupt document" prepared by attorneys, but this allegation is inapplicable to Ocwen and Homewood because they are not attorneys.  (Doc. #1 at 2).

as a positive assertion;

4) the defendant made the representation with the intention that the plaintiff would act upon it;

5) the plaintiff acted in reliance upon it; and

6) the plaintiff suffered damage.

*Barter v. U.S. Bank, N.A.*, No. 10-11476, 2011 WL 124502, at *3 (E.D. Mich. Jan. 13, 2011) (citing *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976)).

Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Interpreting this requirement, the Sixth Circuit has held that a complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 780 (E.D. Mich. 2014) (quoting *Indiana State Dist. Council of Laborers & Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009)). In addition, the complaint must specify "the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 509 (6th Cir. 2007); *see also Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 498 (6th Cir. 2014).

"Rule 9(b) does not permit a plaintiff to allege fraud by 'indiscriminately grouping all of the individual defendants into one wrongdoing monolith.'" *Llewellyn-Jones*, 22 F. Supp. 3d at 780 (quoting *United States, ex rel. Branhan v. Mercy Health Sys. of SW. Ohio*, 188 F.3d 510 (6th Cir. 1999)). Instead, "a plaintiff must specify which of the defendants made each fraudulent statement and may not bring claims of fraud against 'the defendants' generally." *Id.* (citing

10

*Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992)).  Interpreting Rule 9 in conjunction with Rule 8, as the Sixth Circuit instructs, the purpose of Rule 9 is "to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct." *Id.* at 781 (quoting *United States ex rel. Bledsoe*, 501 F.3d at 503) ("Rule 9(b) is not to be read in isolation, but is to be interpreted in conjunction with Federal Rule of Civil Procedure 8." (quoting *United States ex rel. Bledsoe*, 501 F.3d at 503)).  Therefore, "[t]he threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation allowing the defendants to answer, addressing in an informed way plaintiff[']s claim of fraud." *Id.* (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)).

In the present case, Burns' barebones allegations that Ocwen charged him with "false statements" and that "[t]he defendants all played a part in this false statement conspiracy for ten years or longer" fail to satisfy the necessary requirements for asserting a fraud claim under Michigan law because, among other shortcomings, they fail to identify which defendant or defendants made a material misrepresentation, and fail to identify any particular misrepresentation. *See Fluegge v. Nationstar Mortg., LLC*, No. 12-cv-15500, 2015 WL 4430062, at *8-9 (E.D. Mich. July 20, 2015) (quoting *Coffey*, 2 F.3d at 161-62); *Gregory,* 890 F. Supp. 2d at 801-02.  For the same reasons, these allegations also lack sufficient particularity under Rule 9.[12]  As a result, Burns' fraud claim against Ocwen and Homeward should be

---

[12] Burns' later allegation that "[e]ach mortgage company conspired with each other and filed false documents," (Doc. #24 at 2), similarly fails to meet the pleading requirements under Fed. R. Civ. P. 8 and 9 because it supplies no factual details whatsoever from which one could find that such a conspiracy existed. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  Again, merely asserting that a "conspiracy" existed is insufficient as a matter a law to state a claim.

dismissed.[13]

> 3.    *Res Judicata*

Burns' claims against Ocwen and Homeward should also be dismissed because they are

barred by the doctrine of *res judicata*.

Under Michigan law, *res judicata* applies where:  (1) the prior action was decided on the

merits; (2) both actions involved the same parties or their privies; and (3) the matter contested in

the second case was or could have been resolved in the first.  *See Adair v. State*, 470 Mich. 105,

121 (2004).  "[T]o find privity to exist between a party and a non-party, Michigan courts require

'both a substantial identity of interests and a working or functional relationship . . . in which the

interests of the non-party are presented and protected by the party in the litigation.'"  *Miller v.*

*Detroit Pub. Sch.*, 189 F. Supp. 3d 671, 679 (E.D. Mich. 2016) (quoting *Phinisee v. Rogers*, 229

Mich. App. 547, 553-54, 582 N.W.2d 852 (1998)).  And the test to determine whether the two

actions involve the same subject matter is whether the facts are identical in, or the same evidence

would sustain both actions; if so, the two actions are the same for purposes of *res judicata*.  *See*

*Adair*, 470 Mich. at 123-24.  Michigan courts take "a broad approach to the doctrine of res

---

[13] Burns' "response" to Ocwen and Homeward's motion does nothing to save his fraud claim. On the first page of this filing, Burns again references Chapter 47, but also now cites to "Fraud in accordance with [Fed. R. Civ. P.] 71H."  (Doc. #14 at 1).  Rule "71H," however, does not exist in the Federal Rules of Civil Procedure, and Rule 71.1, entitled "Condemning Real or Personal Property," generally applies only to "proceedings to condemn real and personal property by eminent domain," which is not an issue alleged by Burns in this action. Fed. R. Civ. P. 71.1. Burns reiterates that Ocwen charged him with "false statement," yet he does not provide any additional information as to this claim.  (Doc. #14 at 1).  He also alleges that an unnamed "Defendant" filed a motion to dismiss "on false allegation" and that an unnamed "Defendant" filed "false documents" regarding Ocwen.  (*Id.*).  Burns provides no factual details surrounding these allegations.  Page two of this filing is called "Order Dismissing Defendant's Motion to Dismiss and Counter Motion for Sanction[s]."  (*Id.* at 2).  Here, Burns makes no reference to Ocwen or Homeward; he includes their attorney's name and law firm in the caption and mentions Ameriquest, an unidentified "defendant," and "a notary from the [S]tate of Alabama named Mark Dempsey."  (*Id.*).  Thus, this filing does not support Burns' fraud claim against Ocwen and Homeward.

judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* at 121. *Res judicata* is "intended to relieve parties of multiple litigation, conserve judicial resources, ease fears of prolonged litigation, prevent inconsistent decisions, and encourage reliance on adjudication." *In re John F. Ervin Testamentary Trust*, No. 270498, 2008 WL 540332, at *2 (Mich. Ct. App. Feb. 28, 2008) (citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 692-693, 667 NW2d 843 (2004)).

In this case, the Court agrees with Ocwen and Homeward that applying the three factors laid out above, Burns' claims against them are barred by *res judicata*. (Doc. #10 at 16-17). As to the first factor, the prior action in Oakland County Circuit Court was decided on the merits. On September 30, 2009, Circuit Judge Rae Lee Chabot granted the defendants' motion for summary disposition. (Docs. #10 at 10, 16; #10-5). "Under Michigan law, summary disposition is a final decision on the merits." *Chakan v. City of Detroit (Detroit Fire Dep't)*, 998 F. Supp. 779, 783 (E.D. Mich. 1998) (internal citations omitted). Thus, this factor is satisfied.

As to the second factor, Ocwen and Homeward are in privity with a party that was involved in both the state court and federal action. The Circuit Court action and this action both named Ameriquest, the lender of the Mortgage (or "mortgagee"), as a defendant. (*See* Docs. #10 at 10, 16-17; #10-4 at 1; *id.* at ¶ 6). Ocwen and Homeward are in privity with Ameriquest because Ocwen is the current loan servicer of the Mortgage, and Homeward is the prior loan servicer of the Mortgage. (Doc. #10 at 10). The Sixth Circuit "see[s] no reason to disagree" with the "[m]yriad district courts [that] agree that a mortgage's loan servicer acts as agent for the mortgagee, thereby satisfying res judicata's privity requirement for suits involving the mortgage." *Kimball v. Orlans Assocs. P.C.*, 651 F. App'x 477, 481 (6th Cir. 2016) (citing *Laues*

*v. Roberts*, No. 2:14–CV–12313, 2015 WL 1412631, at *6 (E.D. Mich. Mar. 25, 2015); *Buzzell v. JP Morgan Chase Bank*, No. 3:13–CV–668, 2014 WL 3767118, at *6 (E.D. Va. July 31, 2014)).  Thus, this factor is satisfied.

As to the third factor, the matter contested in the instant action was or could have been resolved in the previous Circuit Court action.  To the extent Burns is now contesting the Mortgage which, in his words, he "took . . . out" on the Property "[o]n or about 30 years ago," (Doc. #1 at 1), the claims in this action arise from the same facts and require the same evidence as the prior state court action.  *Chakan*, 998 F. Supp. at 783 (finding that *res judicata* precluded the plaintiff from litigating his case because all three *res judicata* factors were met, including the third and final factor:  the factual basis for the plaintiff's state-law claim is the same as the factual basis for his federal claim).  Thus, this factor is satisfied.

Accordingly, even if Burns' claims against Ocwen and Homeward had survived dismissal under Fed. R. Civ. P. 8, 9, or 12(b)(6), they are barred by the doctrine of *res judicata*,

### **Bolton and Breuch**

The substance of Burns' complaint does not explicitly mention Bolton and Breuch.  To the extent Burns is asserting a claim against Bolton and Breuch for "false statement conspiracy" and for being the attorneys who prepared a "corrupt document" that "caus[ed] [Burns] years of mental anguish," Burns fails to state a claim upon which relief can be granted.[14]

---

[14] In his "Motion to Support Complaint and Lawsuit," Burns alleges:

> The attorney[]s representing all the defendants have misled this Honorable Court by:
>
> 1. Fake refinancing – This is a crime[.]
>
> 2. Fake notary of my signature.

14

### 1. Civil Conspiracy

Burns alleges that all of the defendants "played a part in [a] false statement conspiracy for ten years or longer." (Doc. #1 at 2). Courts have recognized, however, that "a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable, tort." *Early Detection Ctr., P.C. v. New York Life Ins. Co.*, 157 Mich. App. 618, 632 (1986). In this case, where, for the reasons set forth herein, Burns' underlying claims fail to state a valid claim against Bolton and Breuch, his civil conspiracy claim against them fails as well.[15]

### 2. Intentional Infliction of Emotional Distress

Burns seeks $25,000.00 "against the attorneys that prepared this corrupt document for

3. Disrespecting the bankruptcy judge's ruling on Case No. 94-52655 W.S.

4. Creating their own documents in their favor.

5. Acting in ways they knew were illegal[.]

6. No respect for the U.S. Constitution.

7. Fraud & conspiracy are more important to them than the U.S. Constitution.

8. The attorneys want the U.S. District Court to look the other way.

(Doc. #24 at 2). Burns also alleges that the attorneys "have filed over 15 Citations requesting the U.S. District Court to overlook their acts of misleading this Honorable Court with fraud and false documentation." (*Id.*). According to Burns, "[t]hese acts" violate the Fifth and Fourteenth Amendments and "the Civil Rights Act of 1964 – CRU Title VII-Equal Detention of Confiscation of Property." (*Id.*). He alleges that "the defendants and their attorneys" have violated his rights for over eighteen years, and he requests a jury trial "to stop this cover up by fraud and false statements." (Docs. #16 at 2; #24 at 2). But these vague and conclusory allegations as to the conduct of unidentified "attorneys" are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Howard*, 346 F. App'x at 51.

[15] In documents filed by Burns that appear to respond to Bolton and Breuch's dispositive motion, Burns mentions both of these defendants by name and alleges that they "have violated [Burns'] rights by allegations to prevent [Burns'] complaint from going to trial by [j]ury" and that "[t]his conspiracy has been going on for 19 years." (Docs. #16 at 2; #24 at 2). But this does not change the Court's analysis above regarding Burns' failure to properly state a civil conspiracy claim.

[his] years of mental anguish."  (Doc. #1 at 2).  Burns does not specify who the attorneys are and what the alleged corrupt document is.  He also does not elaborate on what his "years of mental anguish" entailed.  Bolton and Breuch argue that even if this claim is construed against them as one of intentional infliction of emotional distress, it fails as a matter of law.  (Doc. #12 at 12-13).  The Court agrees.

Under Michigan law, "[t]o establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff."  *Salser v. Dyncorp Int'l, Inc.*, 170 F. Supp. 3d 999, 1005 (E.D. Mich. 2016) (quoting *Dalley v. Dykema Gosset PLLC*, 287 Mich. App. 296, 321 (2010)); *Ruffin-Steinback v. dePasse*, 267 F.3d 457, 464 (6th Cir. 2001) (citing *Andrews v. Prudential Secs., Inc.*, 160 F.3d 304, 309 (6th Cir. 1998)).  The outrageous conduct requirement is satisfied only by conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 603 (1985) (quoting Restatement (Second) of Torts §46, cmt. d (1965)).  Liability will not result from "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  *Mino v. Clio Sch. Dist.*, 255 Mich. App. 60, 80 (2003) (internal quotations omitted).  Rather, liability arises only "where the distress inflicted is so severe that no reasonable man could be expected to endure it."  *Roberts*, 422 Mich. at 608-09; *see also Andrews*, 160 F.3d at 309.

As to this claim, Burns does not present facts from which the Court can draw a "reasonable inference" that Bolton and Breuch are liable for intentional infliction of emotional distress because Burns has failed to allege behavior that is "extreme and outrageous."  *Twombly*,

550 U.S. at 556.  Burns' complaint contains no reference to Bolton and Breuch's conduct – let alone facts to show that they acted in a way that was "extreme and outrageous."  *Id.*  As to causation, the third required element for an intentional infliction of emotional distress claim, Burns fails to connect his alleged "years of mental anguish" to any conduct by Bolton and Breuch.  (Doc. #1 at 2).  As mentioned above, Burns simply states that he seeks damages "against the attorneys that prepared this corrupt document for my years of mental anguish." (*Id.*).  Such a general assertion – particularly without any factual allegations pointing to conduct by Bolton and Breuch – is insufficient to state a claim of intentional infliction of emotional distress.  *See Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.  In his responsive filings, Burns did not challenge any of Bolton and Breuch's arguments as to his potential intentional infliction of emotional distress claim.  (Docs. #16, #24).  Indeed, Burns did not even mention this claim in his filings.  (*Id.*).  Accordingly, even with a "liberal reading" of the complaint, Burns' intentional infliction of emotional distress claim against Bolton and Breuch should be dismissed.  *Thomas*, 481 F.3d at 437.

In sum, even giving the complaint a "liberal reading," Burns fails to make sufficient factual allegations regarding any wrongful conduct by Ocwen, Homeward, Bolton, and Burns entitling him to relief.  Burns' claims against these defendants should therefore be dismissed.  *Id.*

### Burns' Request for Sanctions Against Law Firm Dykema Gossett PLLC and Attorneys Dell, Bolton, and Breuch

#### 1.    *Sanctions are Not Appropriate under Fed. R. Civ. P. 11*

In an untitled document filed on July 10, 2017, Burns asks the Court to sanction law firm Dykema Gossett PLLC and its attorney David M. Dell, who is representing Ocwen and Homeward in the instant matter, "for filing false allegations to mislead this honorable court on June 23, 2017 and to avoid a jury trial."  (Doc. #14 at 1).  Burns states that he is asking for "a

penalty of $25,000 [to] each attorney for perjury and mental anguish." (*Id.*). Similarly, in his "Motion to Set Aside Defendant['s] Request and Impose Sanctions" and "Motion to Support Complaint and Lawsuit," Burns mentions attorneys Bolton and Breuch by name and asks the Court "for sanctions against the named attorneys, in the amount of $25,000 each." (Docs. #16 at 2; #24 at 2). Burns does not explicitly request that sanctions be awarded pursuant to Fed. R. Civ. P. 11, but even if he had, the Court would still decline to award any of the requested sanctions.

Rule 11 provides, in relevant part, that

> [i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1). And Rule 11(b) provides as follows:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Here, Burns does not specify the type of Rule 11(b) violation that he contends the law firm and attorneys committed.  Nor is any such violation apparent on the face of the documents that Burns has presented to the Court.  Accordingly, Burns has not shown any wrongdoing by the law firm or attorneys in question, and no sanctions are therefore warranted.

Moreover, Rule 11 sanctions are not available here because Burns failed to comply with that Rule's "safe harbor" provision which is a prerequisite to awarding Rule 11 sanctions.  As to this requirement, Rule 11 provides, in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. . . .

Fed. R. Civ. P. 11(c)(2).  In the Advisory Committee Notes, the drafters make clear that:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. . . . [T]he timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).  As the Sixth Circuit has succinctly stated:

> Thus, the 1993 amendments allow for a twenty-one day period of "safe harbor," whereby the offending party can avoid sanctions altogether by withdrawing or correcting the challenged document or position after receiving notice of the allegedly violative conduct.  In that way, the "safe harbor" provision works in conjunction with the duty of candor, giving the proponent of a questionable claim an opportunity to assess the claim's validity without immediate repercussion.

*Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997).

In this situation, there can be no dispute that sanctions are not available or appropriate

under Rule 11 because Burns failed to comply with the Rule's "safe harbor" provision at least as to attorney Dell.[16]   (*See* Doc. #20 at 9).   At no point does Burns argue that this requirement was met.   Accordingly, Rule 11 sanctions are not appropriate.   The Court will issue a separate Order denying Burns' requests for sanctions.   (Doc. #28).

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Ocwen and Homeward's Motion to Dismiss **(Doc. #10)** be **GRANTED**, and that Bolton and Breuch's Motion to Dismiss Burns' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) **(Doc. #12)** be **GRANTED.**

Dated: October 4, 2017                                    s/David R. Grand
Ann Arbor, Michigan                                      DAVID R. GRAND
                                                        United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d)(1).   Failure to timely file objections constitutes a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).   Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.   *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

---

[16] Bolton and Breuch do not indicate whether Burns complied with Fed. R. Civ. P. 11's twenty-one day "safe harbor" provision as to them.   In any event, Burns failed to comply with Rule 11 in that he did not file a motion for sanctions "separately from any other motion and [that] describe[s] the specific conduct that allegedly violates Rule 11(b)."   Fed. R. Civ. P. 11(c)(2).

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 4, 2017.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager