UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BURNS,

        Plaintiff,

v.

OCWEN LOAN SERVICING, L.L.C., *et al.*,

        Defendants.

Civil Action No. 17-11748
Honorable Terrence G. Berg
Magistrate Judge David R. Grand

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS AMERIQUEST, AMC, NM/WF, ACC, AND CITIGROUP FOR FAILURE TO SERVE

### I. PROCEDURAL HISTORY

On June 2, 2017, *pro se* Plaintiff Timothy Burns ("Burns") initiated a lawsuit against ten defendants: Ocwen Loan Servicing, L.L.C. ("Ocwen"); Homeward Residential, Inc. ("Homeward")[1]; Ameriquest Mortgage ("Ameriquest"); AMC Mortgage Service, Inc. ("AMC"); Norwest Mortgage/Wells Fargo ("NM/WF"); Jordan S. Bolton ("Bolton"); David A. Breuch ("Breuch")[2]; Michelle K. Clark ("Clark"); ACC Capital Holding Corporation ("ACC"); and Citigroup Inc. ("Citigroup"). (Doc. #1).

Although no proofs of service were ever filed on the docket, notices of appearance were filed on behalf of Defendants Ocwen, Homeward, Brach, Bolton, and Clark. (Docs. #5, #6, #7). Defendants Ocwen, Homeward, Brach, and Bolton filed dispositive motions, which this Court has recommended granting. (Doc. #27).

---

[1] Homeward points out that Burns incorrectly identified it as "Homewood Home Residential Mortgage" in the complaint. (Doc. #10 at 1).

[2] Breuch clarifies that Burns incorrectly identified him as "David Brach." (Doc. #12 at 6 n.1).

1

Meanwhile, Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup had not answered or otherwise appeared in this action after more than 90 days had elapsed since Burns' complaint was filed,[3] and Burns had not filed a valid proof of service showing that these defendants were properly served with a summons and complaint.[4]  Accordingly, on October 4, 2017, the Court issued an Order to Show Cause directing Burns to show cause, in writing, by October 25, 2017, why his complaint should not be dismissed without prejudice as to Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup because of his failure to timely serve them within 90 days of filing the complaint.  (Doc. #29).  The Court instructed Burns that he may satisfy his obligation under that order by properly serving these defendants by October 25, 2017, and filing a proper proof of service by that date.  (*Id.*).  Moreover, "**Burns [was] expressly warned that his failure to timely and properly respond to [the] Order to Show Cause will result in a recommendation that his claims against Defendants Ameriquest, AMC, NM/WF, ACC, [and] Citigroup . . . be dismissed without prejudice**."[5]  (*Id.* at 2-3) (emphasis in

---

[3] Under Fed. R. Civ. P. 4(m), service of a summons and complaint must be made upon a defendant within 90 days after filing the complaint; otherwise,

> . . . the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[4] While summonses were issued on June 2, 2017, for Ameriquest, AMC, NM/WF, and ACC (Doc. #2), it does not appear that one was issued for Citigroup.

[5] Additionally, the Court's October 4, 2017 Order to Show Cause pointed out that although an appearance of counsel was filed on behalf of Defendant Clark on June 20, 2017 (Doc. #6), Clark had not filed an answer or otherwise responded to Burns' complaint.  At the time, Burns had not moved for any relief with respect to Clark, which suggested he did not intend to further pursue this action against her.  Thus, Burns was also directed to show cause, in writing, by October 25, 2017, why his complaint should not be dismissed without prejudice as to Clark for failure to

original).

On October 30, 2017, Burns filed a "Motion to Show Cause" (Doc. #32), which the Court interpreted as Burns informing the Court that he did not receive a copy of the October 4, 2017 Order to Show Cause. (Doc. #33). The Court then issued a "Final Order to Show Cause," where it gave Burns an additional opportunity to file an appropriate response to its previous show cause order and reminded Burns of his responsibility under Local Rule 11.2 to promptly notify the Court of a change in address. (*Id.* at 3). In this second show cause order, Burns was given until November 27, 2017, to show cause, in writing, why his complaint should not be dismissed without prejudice as to Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup because of his failure to timely serve them within 90 days of filing the complaint. (*Id.*). Burns was told that he may satisfy his obligation under this order to show cause by properly serving these defendants by November 27, 2017, and filing a proper proof of service by that date. (*Id.*). The Court again "**expressly warned [Burns] that his failure to timely and properly respond to this Final Order to Show Cause will result in a recommendation that his claims against Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup be dismissed without prejudice**." (*Id.*) (emphasis in original).

Between November 6, 2017 and November 21, 2017, Burns filed five documents that appeared to be responses to the "Final Order to Show Cause." (Docs. #36, #37, #38, #40, #41). In these documents, Burns provided evidence of unsuccessful mailing attempts – via certified mail – to the defendants. However, close inspection of these filings revealed that Burns had still not submitted valid proof of service showing that Defendants Ameriquest, AMC, NM/WF, ACC,

---

prosecute. But on October 5, 2017, the day after the Court issued its order, Clark filed an answer to Burns' complaint. (Doc. #30). Accordingly, the Court subsequently vacated the portion of its Order to Show Cause that refers to Burns' failure to prosecute his claims against Clark. (Doc. #33 at 2 n.5).

and Citigroup were properly served with a summons and complaint. As to Ameriquest, Burns provided a photocopy of an envelope addressed to this defendant. (Doc. #36 at 8). This mailing was apparently returned to sender, with a handwritten note on the envelope that says "are not Amer[i]quest Mortgage." (*Id.*). Burns also provided a copy of a form called "Summons and Complaint Return of Service" that was filled out by hand and indicates that service on Ameriquest was returned unexecuted because it was "[r]efused." (Doc. #38 at 1; *see also* Doc. #37 at 1). Regarding AMC, Burns provided a photocopy of an envelope addressed to it that says it was returned to sender because of "insufficient address." (Doc. #36 at 5). Meanwhile, a photocopy of an envelope possibly addressed to NM/WF (a label is covering the mailing address, but "No . . ." is written under the label) indicates that it was returned to sender, with the following explanation: "attempted – not known." (*Id.* at 9). And a photocopy of an envelope addressed to ACC indicates that it was returned to sender because it was "refused." (*Id.* at 6). None of these filings constitute a proper proof of service establishing that the particular defendant was actually served with a copy of the summons and complaint. Finally, no proof of mailings and/or service were provided by Burns regarding Citigroup.[6]

Given that Burns is a *pro se* litigant and that he made numerous efforts to comply with the Court's "Final Order to Show Cause," the Court issued another "Final Order to Show Cause" on December 7, 2017, and gave Burns a third opportunity – now until January 5, 2017 – to show cause, in writing, why his complaint should not be dismissed without prejudice as to Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup because of his failure to timely serve them

---

[6] Burns also provided what appear to be copies of post office receipts showing that numerous items were sent by certified mail. (Doc. #37 at 2, 5-6). But this is insufficient to show that proper service was made on the defendants. Moreover, Burns asserts that proof of service on the defendants, including Citigroup, was filed with the Court on June 2, 2017. (*Id.* at 1). But what was filed on the docket on June 2, 2017 was the complaint and summonses – not proof that those documents were properly served on the defendants. (Docs. #1, #2; *see supra* note 4).

4

within 90 days of filing the complaint.  (Doc. #43).  Burns was again told that he may satisfy his obligation under this last Final Order to Show Cause "by **properly** serving these defendants by **January 5, 2017**, and filing a **proper** proof of service by that date."  (*Id.* at 4-5) (emphasis in original).  He was advised that he must comply with the Federal Rules of Civil Procedure[7] in providing valid proof of service and was "**expressly warned that his failure to timely and properly respond to this Second Final Order to Show Cause will result in a recommendation that his claims against Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup be dismissed without prejudice**."  (*Id.* at 5) (emphasis in original).

On December 14, 2017, Burns filed an "Answer to Final Show Cause."  (Doc. #44).  In a

---

[7] The Court directed Burns to consider Fed. R. Civ. P. 4(h), which provides:

> **Serving a Corporation, Partnership, or Association.**  Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual[, where Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"]; or
>
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(e), (h); (*see* Doc. #43 at 5 n.7).

section entitled "Proof of Servic[e]s to Defendan[ts]," Burns included a copy of summonses for the following entities: Ocwen, Homeward, NM/WF (two copies of the same document), Wells Fargo Home Mortgage, and possibly Citigroup (the handwriting is hard to read). (*Id.* at 4-9). No documents were provided as to Ameriquest, AMC, and ACC. Regardless, the filings related to NM/WF, Wells Fargo Home Mortgage, and Citigroup[8] still do not constitute a proper proof of service establishing that these defendants were actually served with a copy of the summons and complaint as required by Fed. R. Civ. P. 4(h).

## II. ANALYSIS

A court may dismiss an action under Rule 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. Fed. R. Civ. P. 41(b). A court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

With regards to this case, the Court finds that at least three of the four factors weigh in favor of dismissal.[9] First, despite the Court granting Burns multiple opportunities and additional

---

[8] As mentioned above, notices of appearance were filed on behalf of Ocwen and Homeward; service as to these defendants is therefore not at issue.

[9] The Court can find no prejudice to Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup by Burns' failure to serve, and thus the second factor is not met here.

time to demonstrate proper service, he has still failed to do so. While the Court does not presume this is the result of bad faith or willfulness, he is clearly at fault for failing to comply with the Court's orders requiring proof of proper service on these five defendants.

The third and fourth factors were met by the Court's three orders to show cause, which specifically warned Burns that "**his failure to timely and properly respond . . . will result in a recommendation that his claims against Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup be dismissed without prejudice**." (Docs. #29, #33, #43) (emphasis in original). Thus, Burns has been on notice of his failure to serve these five defendants in violation of Rule 4 for at least two months.[10]

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) for Burns' failure to serve Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup within 90 days of filing the complaint or within the additional time granted to him by the Court. (*Id.*). Under Rule 4(m), such a dismissal should be without prejudice.

### III. RECOMMENDATION

Accordingly, the Court **RECOMMENDS** dismissing Burns' complaint as to Defendants Ameriquest, AMC, NM/WF, ACC, and Citigroup **(Doc. #1) WITHOUT PREJUDICE**.

Dated: January 9, 2018  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

---

[10] If counting from the date in which the first order to show cause was issued, Burns has been on notice for over three months. However, it appears that Burns might not have received a copy of this order to show cause. *See supra* at 3.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 9, 2018.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager