UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BURNS,

    Plaintiff,
v.                                  Case No. 17-11748

OCWEN LOAN SERVICING
LLC, *et al.*,                   HON. TERRENCE G. BERG
                                          HON. DAVID R. GRAND

    Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING REPORTS AND RECOMMENDATIONS (DKTS. 27 & 45), OVERRULING PLAINTIFF'S OBJECTIONS (DKT. 39), GRANTING DEFENDANTS' MOTIONS TO DISMISS (DKTS. 10, 12) AND DISMISSING UNSERVED DEFENDANTS, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE (DKT. 45)**

This case centers around a mortgage that Plaintiff Timothy Burns ("Plaintiff") says he took out about 30 years ago on property located at 22711 Wexford Drive, Southfield, MI 48033 (Dkt. 1). Plaintiff filed the Complaint pursuant to "18 U.S.C. Chapter 47." Chapter 47 of Title 18 of the U.S. Code includes 39 separate criminal statutes under the heading "Fraud and False Statements." Plaintiff also references two particular statutes within Chapter 47: 18 U.S.C. §§ 1011 (called "Federal Land Bank Mortgage Transactions") and 1021 (called "Title Records").

Plaintiff also references Title VII of the Civil Rights Act of 1964, § 701 et seq., 42 U.S.C. § 2000e et seq.  Defendants include several banks and mortgage servicers, along with the attorneys who represented them in prior state court litigation.

This matter is before the Court on two reports and recommendations from Magistrate Judge David R. Grand, one dated October 4, 2017 (Dkt. 27), and one dated January 9, 2018 (Dkt. 45).  The first report recommends that the motions to dismiss by Defendants Ocwen, Homeward, Bolton and Breuch (Dkts. 10, 12) be granted, and that Plaintiff's claims against these Defendants be dismissed with prejudice.  The second report recommends that Plaintiff's claims against Defendants Ameriquest Mortgage, AMC Mortgage Service, Inc., Northwest Mortgage/Wells Fargo, ACC Capital Holding Corp., and Citigroup, Inc., be dismissed without prejudice for failure to prosecute, as Plaintiff has failed to properly serve them with the Summons and Complaint, despite having been repeatedly ordered to do so by Magistrate Judge Grand (Dkts. 29, 33, 43).[1]

---

[1] There is one remaining Defendant in this case, who is not the subject of Magistrate Judge Grand's reports and recommendations – Michelle Clark, a lawyer from the Trott law firm.  Ms. Clark filed an Answer on October 5, 2017 (Dkt. 30), but she has not moved to dismiss the complaint against her.  Through a contemporaneous show

The Court has carefully reviewed the Magistrate Judge's reports and recommendations, and finds that they are well-reasoned and supported by the relevant law. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). On November 21, 2017, Plaintiff filed a "response" (Dkt. 39) to the October 4, 2017 report and recommendation. The Court will treat Dkt. 39 as timely filed objections.[2] Plaintiff did not file any objections to the January 9, 2018 report and recommendation, and the time to do so has now passed.

The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* The Court will first consider Magistrate Judge Grand's October 4, 2017 report and recommendation (Dkt. 27), and Plaintiff's objections to it (Dkt. 39). In this report, Magistrate Judge Grand recommends that Defendants

---

cause order, this Court will order Plaintiff to explain why his claims against Ms. Clark should not also be dismissed, as the Complaint (Dkt. 1) fails to adequately allege any wrongdoing by Ms. Clark.

[2] This report and recommendation was re-served on Plaintiff on November 8, 2017, after he updated his address. Thus, the time-period for filing objections was also reset.

Ocwen, Homeward, Bolton and Breuch's motions to dismiss be granted, and that all claims against them be dismissed. Magistrate Judge Grand discusses several reasons supporting this result. As to Ocwen and Homeward's motion, Magistrate Judge Grand concludes that Plaintiff's Complaint does not sufficiently allege a valid claim against them. Indeed, Magistrate Judge found that Plaintiff's bare bones Complaint did not meet the pleading requirements of Rule 8 or the heightened pleading requirements for a fraud-based claim under Rule 9, of the Federal Rules of Civil Procedure. Magistrate Judge Grand further concluded that Plaintiff's claims against Defendants Ocwen and Homeward were barred by res judicata, because Plaintiff previously brought a lawsuit concerning his mortgage in Oakland County Circuit Court, which was dismissed with prejudice. As to Bolton and Breuch, Magistrate Judge Grand found that Plaintiff similarly failed to adequately allege a valid claim against them. Finally, Magistrate Judge Grand found that Plaintiff did not establish that Ocwen and Homeward's attorney – David Dell – should be sanctioned under Rule 11.

On November 21, 2017, Plaintiff filed the "response" which the Court construes as objections to the report and recommendation.

Plaintiff's objections consist of eight numbered paragraphs. Paragraphs 1 and 2 concern the correct spelling of Homeward and Breuch's names. Paragraph 3 states that Defendant Clark failed to file an Answer. This is incorrect; Clark filed an Answer on October 5, 2017 (Dkt. 30). Paragraph 4 notes that all pre-trial matters were referred to Magistrate Judge Grand. This much is true – Dkt. 11. Paragraph 4 further notes that Plaintiff was not receiving mail from the Court—this problem seems to have been corrected once Plaintiff updated his address (Dkt. 35). Paragraph 5 states that Plaintiff responded to a show cause order from Magistrate Judge Grand. It appears Plaintiff filed a pleading in response to the show cause order as Dkt. 37. Paragraph 6 discusses a bankruptcy case, the relevance of which is not entirely clear. Paragraph 7 reiterates conclusory allegations of the Complaint that the Defendants have "entered into conspiracy and fraud." Finally, paragraph 8 accuses Defendant Ocwen of "fraud," because Plaintiff allegedly was not in Michigan on February 20, 2014, but rather was in Alabama. It is not clear why Plaintiff's possible presence in Alabama on this date would mean that Ocwen has committed fraud. Taken as a whole, Plaintiff's objections completely fail to address the analysis and legal conclusions

contained in Magistrate Judge Grand's October 4, 2017 report and recommendation. As the Court has not been presented with any valid basis to disturb the recommendation of Magistrate Judge Grand that Defendants Ocwen, Homeward, Bolton and Breuch's motions to dismiss be granted, it will be adopted as this Court's finding of fact and conclusion of law.

Since Plaintiff failed to timely object to Magistrate Judge Grand's January 9, 2018 report and recommendation (Dkt. 45), the district court is not obligated to independently review the record with respect to these conclusions by Magistrate Judge Grand. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The Court does find, however, that this recommendation is sound. Plaintiff was cautioned by Magistrate Judge Grand on multiple occasions that failure to properly serve the remaining Defendants would lead to their dismissal. Despite these repeated warnings, Plaintiff failed to effectuate service on these Defendants. The Court will, therefore, accept the Magistrate Judge's report and recommendation of January 9, 2018, as this Court's findings of fact and conclusions of law, and dismiss Plaintiff's claims against these Defendants without prejudice.

Accordingly, it is hereby **ORDERED** that Magistrate Judge Grand's report and recommendation of October 4, 2017 (Dkt. 27) is **ACCEPTED** and **ADOPTED**, and Plaintiff's objections thereto (Dkt. 39) are **OVERRULED**. It is **FURTHER ORDERED** that Defendants Ocwen and Homeward's motion to dismiss (Dkt. 10) is **GRANTED**, and that Defendants Bolton and Breuch's motion to dismiss (Dkt. 12) is **GRANTED**. Plaintiff's claims against Defendants Ocwen, Homeward, Bolton and Breuch are hereby **DISMISSED WITH PREJUDICE**. It is **FURTHER ORDERED**, Magistrate Judge Grand's January 9, 2018 is **ACCEPTED** and **ADOPTED**, and that Plaintiff's claims against Defendants Ameriquest Mortgage, AMC Mortgage Service, Inc., Northwest Mortgage/Wells Fargo, ACC Capital Holding Corp., and Citigroup, Inc., are hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**SO ORDERED.**

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated:  February 14, 2018

## **Certificate of Service**

I hereby certify that this Order was electronically submitted on February 14, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager
